UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                    Criminal No. 09-48 (1) (JNE/JJG)
v.                                    Civil No. 12-1924 (JNE)
                                    ORDER
Kalin Thanh Dao,

        Defendant.

In May 2009, Kalin Thanh Dao pleaded guilty to one count of money laundering and one count of conspiracy to commit mail fraud and wire fraud. In March 2010, the Court sentenced her to 144 months' imprisonment. Dao appealed, and the Eighth Circuit affirmed. *United States v. Dao*, 424 F. App'x 576 (8th Cir. 2011) (per curiam). The case is before the Court on Dao's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Supp. III 2009). Because the record conclusively shows that she is not entitled to relief, the Court denies her § 2255 motion without an evidentiary hearing. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

In ground one of her motion, Dao claims "ineffective counsel." She also claims that she was pressured into pleading guilty. For the reasons set forth in the government's response to Dao's motion, the Court rejects Dao's claims. Dao has not demonstrated that she received ineffective assistance of counsel, and she has not shown that her guilty plea was involuntary. *See Nguyen*, 114 F.3d at 703-05.

In grounds two through four of her motion, Dao, who is incarcerated in a federal medical center in Texas, complains about the conditions of her confinement, as well as the medical treatment she has received. These claims are not cognizable in a § 2255 motion. *See Nichols v.*

*Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995).

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Dao has not demonstrated that reasonable jurists would find the rejection of her claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Dao's § 2255 motion [Docket No. 134 in Criminal No. 09-48] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 10, 2012

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge