UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 09-CR-0048 (1) (JNE); 12-CV-1924 (JNE) |
| Plaintiff, | |
| v. | ORDER |
| KALIN THANH DAO, | |
| Defendant. | |

Defendant Kalin Thanh Dao pleaded guilty in 2009 to money laundering and conspiracy and was sentenced to a total of 144 months' imprisonment. In 2012, Dao filed a motion pursuant to 28 U.S.C. § 2255, the procedural vehicle for challenging the validity of a federal sentence on collateral review. *See* ECF No. 134. That motion was denied. The bulk of Dao's motion related to the *conditions* of her confinement, not the legality of her sentence, and those claims were not cognizable on review under § 2255. *See* ECF No. 142 at 1-2. A remaining claim challenging the effectiveness of her defense counsel was denied on the merits. *Id.* at 1.

Dao now moves for relief from the judgment in those § 2255 proceedings pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 169. Again, Dao insists that the conditions of her current confinement are unlawful. Specifically, Dao alleges that she has been subjected to physical abuse and deliberate indifference to her medical needs by the Federal Bureau of Prisons. These conditions, argues Dao, amount to cruel and unusual punishment in violation of the Eighth Amendment. Dao seeks to reopen the earlier § 2255 proceedings and have her sentence vacated.

A litigant may not use Rule 60(b) to reopen claims that were raised in an initial § 2255 motion. *See United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). The Court has already rejected Dao's conditions-of-confinement claims as having been brought improperly under § 2255, and Rule 60(b)(6) does not permit the Court to revisit that finding. *Id*. Even if this Court could revisit the finding, however, Dao's motion would be denied. As Dao has now repeatedly been explained, *see* ECF No. 155, § 2255 "allows a petitioner to challenge the validity of a sentence itself," not the legality of how that sentence is carried out. *United States v. Ladoucer*, No. 07-CR-0165 (ADM/JSM), 2016 WL 183522, at *1 (D. Minn. Jan. 14, 2016) (citing *Lee v. United States*, 501 F.2d 494, 500 (8th Cir. 1974)). The Court simply lacks subject-matter jurisdiction over the claims Dao seeks to raise via § 2255.

Dao is not without recourse. If she believes that the conditions of her confinement are unlawful, Dao may bring a civil-rights action in either "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ;" or "(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Because none of the events at issue occurred in Minnesota and none of the probable defendants to any civil-rights action appear to reside in Minnesota, the District of Minnesota is unlikely to be a proper venue for any such civil-rights action. Finally, Dao is warned that any civil-rights action filed in federal court will be subject to the Prison Litigation Reform Act, including the requirement that

"the prisoner shall be required to pay the full amount of a filing fee," either at the outset of the action or in installments over time. 28 U.S.C. § 1915(b)(1).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Kalin Thanh Dao's motion for relief from judgment [ECF No. 169] is DENIED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Dated: April 3, 2017                          s/Joan N. Ericksen
                                              Joan N. Ericksen
                                              United States District Court Judge