UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KALIN THANH DAO (1), and
THU NGUYET THI LE (3),

    Defendants.

Case Nos. 09-CR-48 (JNE) (1),
09-CR-48 (JNE) (3)

**ORDER**

    This matter is before the Court on Defendants Kalin Thanh Dao and Thu Nguyet Thi Le's motions to reconsider the Court's denial of Le's motions for a temporary restraining order, to vacate sentencing judgments, and for recusal. (*See* Dkt. Nos. 191, 193.) Dao and Le also seek the undersign's recusal. (*See* Dkt. Nos. 191 at 3, 193 at 3.) Le's prior motions and Dao and Le's current motions are based on Dao and Le's unsubstantiated allegation that several victims identified in the restitution portion of Dao and Le's sentencing judgments did not suffer losses, but rather *gained*, as a result of Dao and Le's conduct. (*See* Dkt. Nos. 180-82, 191, 193.)

    Dao and Le argue that the Court applied the wrong standard when reviewing Le's motions and move for reconsideration under Fed. R. Civ. P. 59(e), 60(b)(4), and 60(d)(3). (*See* Dkt. Nos. 191 at 1-2, 193 at 1-2.) The Court previously held that Le waived her right to object to the Court's restitution calculations because she has not demonstrated the existence of exceptional circumstances that would excuse her failure to make her current restitution challenges at sentencing or on direct appeal. (*See* Dkt. No. 188 (citing *Cani v. United States*, 331 F.3d 1210, 1213-14 (11th Cir. 2003)).) Dao and Le argue the Court should have applied the standard set forth in *United States v. Smiley*, 553 F.3d 1137, 1144-45 (8th Cir. 2009), which held that fraud

on the court may justify vacating a sentencing judgment in cases of "egregious misconduct." (*See* Dkt. No. 191 at 2; Dkt. No. 193 at 1.)

As an initial matter, Fed. R. Civ. P. 59(e), 60(b)(4), and 60(d)(3) do not apply to criminal actions. *Compare* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil actions* . . . ." (emphasis added)), *with* Fed. R. Crim. P. 1 ("These rules govern the procedure in all *criminal proceedings* . . . ." (emphasis added)). But even if Dao and Le may seek reconsideration of the Court's previous rulings, and even if *Smiley* is applicable, that case held that "[i]t must be shown by clear and convincing evidence that there was fraud on the court with all doubts being resolved in favor of the finality of a judgment." 553 F.3d at 1144.

Dao and Le provide the Court with little more than their allegation that the Government intentionally misrepresented that several victims, out of the hundreds in this case, suffered losses. Le submitted an exhibit containing a table of names and estimated gains for 23 victims, but did not submit any supporting documentation for her calculations. (*See* Dkt. No. 184.) One document, lacking foundation, is not clear and convincing evidence of fraud. Given the implausible nature of—and the lack of substantiation for—their claims of fraud, Dao and Le have not shown exceptional circumstances excusing either Dao or Le's failure to make their current restitution challenges earlier. Thus, the Court denies Dao and Le's requests to reconsider the Court's previous rulings. There is no reason for recusal.

Therefore, IT IS ORDERED THAT:

1. Defendants Kalin Thanh Dao (1) and Thu Nguyet Thi Le's (3) motions to reconsider [Dkt. Nos. 191, 193] are DENIED.

Dated: August 2, 2017.

                                                 s/Joan N. Ericksen
                                                 JOAN N. ERICKSEN
                                                 United States District Judge